# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANDO HUERTA, | Case No. CV 18-03031-JEM |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER REVERSING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | |
| Defendant. | |

## PROCEEDINGS

On April 11, 2018, Fernando Huerta ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Social Security Income benefits. (Dkt. 1.) The Commissioner filed an Answer on July 18, 2018. (Dkt. 17.) On November 8, 2018, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be reversed and this case remanded for further proceedings in accordance with this Memorandum Opinion and Order and law.

# BACKGROUND

Plaintiff is a 54 year-old male who applied for Supplemental Social Security Income benefits on June 2, 2014, alleging disability beginning March 29, 2014. (AR 13.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since June 2, 2014, the application date. (AR 15.)

Plaintiff's claim was denied initially on September 12, 2014, and on reconsideration on December 23, 2014. (AR 13.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Michael D. Radensky on December 2, 2016, in Norwalk, California. (AR 13.) Plaintiff appeared and testified at the hearing and was represented by counsel. (AR 13.) Vocational expert ("VE") Randi A. Langford-Hetrick also appeared and testified at the hearing. (AR 13.)

The ALJ issued an unfavorable decision on January 24, 2017. (AR 13-21.) The Appeals Council denied review on February 12, 2018. (AR 1-4.)

# DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly applied Social Security Acquiescence Ruling (AR) 97-4(9).
2. Whether the ALJ properly developed the record.
3. Whether there is a DOT inconsistency in the ALJ's holding that Plaintiff can perform the jobs of assembler, inspector, and packager.

# STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment

meets or equals one of the listed impairments, the claimant is presumptively disabled. <u>Bowen</u>, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. <u>Pinto v. Massanari</u>, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. <u>Moore v. Apfel</u>, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. <u>Parra</u>, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. <u>Lounsburry v. Barnhart</u>, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. <u>Id.</u>

**THE ALJ DECISION**

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since June 2, 2014, the application date. (AR 15.)

///
///
///

4

At step two, the ALJ determined that Plaintiff has the following medically determinable severe impairments:[1] degenerative disc disease of the thoracic and lumbar spine; mild degenerative joint disease of the acromioclavicular joint; status post left hip replacement with residual pain; obesity; and diabetes mellitus. (AR 15-16.)

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (AR 16.)

The ALJ then found that, consistent with the prior ALJ decision, Plaintiff has the RFC to perform a range of light work as defined in the Dictionary of Occupational Titles ("DOT") with the following non-exertional limitations:

> Claimant is unable to climb ladders, ropes and scaffolds; otherwise, able to perform only occasional climbing, as well as only occasional stooping, kneeling, crouching and crawling; and with the right upper extremity, able to perform only occasional reaching at or above shoulder level.

(AR 16-19.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations are "not entirely consistent" with the medical evidence and other evidence of record. (AR 17.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 19.) The ALJ, however, also found at step five that, considering Claimant's age, education, and RFC, there are jobs that exist in significant numbers in the national economy that Claimant can perform, including the jobs of assembler, inspector, and packager. (AR 19-20.)

Consequently, the ALJ found that Claimant is not disabled, within the meaning of the Social Security Act. (AR 20-21.)

///
///
///

---

[1] The medically determinable severe impairments are consistent with a prior ALJ decision. (AR 15.)

# DISCUSSION

The ALJ decision must be reversed and remanded for further proceedings. The ALJ and the Commissioner have misapplied the continuing nondisability presumption set forth in Chavez v. Bowen, 844 F.2d 691 (9th Cir. 1988). The ALJ also failed to fully develop the record.

## A. Background

In a previous case, Plaintiff filed an application for Supplemental Security Income on May 30, 2012, alleging disability beginning January 1, 2005. (AR 13, 123-130.) In that case, the ALJ determined that Plaintiff had the severe medically determinable impairments of degenerative disc disease of the thoracic and lumbar spine; mild degenerative joint disease of the acromioclavicular joint; joint status left hip pain replacement with residual pain; obesity; and diabetes mellitus. (AR 125.) On March 28, 2014, the ALJ found that Plaintiff was not disabled because he could perform a reduced range of light work. (AR 15, 16, 126-130.)

On June 2, 2014, Plaintiff filed an application for Supplemental Security Income in this case, alleging disability beginning March 29, 2014. (AR 13.) As in the prior decision, the ALJ found that Plaintiff had the severe medically determinable impairments of degenerative disc disease of the thoracic and lumbar spine, mild degenerative joint disease of the acromioclavicular joint, status post left hip replacement with residual pain; obesity; and diabetes mellitus. (AR 15). As in the prior decision, the ALJ found that Plaintiff was not disabled because he could perform a reduced range of light work. (AR 16-21.) Thus, Plaintiff's impairments and RFC as determined by the ALJ in this action were the same as in the prior action.

## B. Relevant Federal Law

The Ninth Circuit in Chavez held that the principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. Id. at 693. A claimant, in order to overcome the presumption of continuing nondisability arising from a prior ALJ finding of nondisability, must prove "changed circumstances" indicating a greater disability. Id. The court found that Chavez's attainment of

advanced age constituted a changed circumstance precluding application of res judicata. Id. Nonetheless, the Ninth Circuit held that the first ALJ's finding concerning a claimant's RFC, education, and work experience is entitled to some res judicata consideration unless there is new and material evidence presented. Id. at 694.

Because Chavez departed from Social Security policy, the SSA issued Acquiescence Ruling (AR) 97-4(9) accepting Chavez for the Ninth Circuit only. AR 97-4(9) applies only to cases involving a subsequent disability claim on which there has been a final decision by an ALJ or the Appeals Council that a claimant is not disabled. AR 97-4(9) directs adjudicators, when adjudicating a subsequent claim involving an unadjudicated period, to apply a presumption of continuing nondisabiltiy unless the claimant rebuts the presumption. A claimant may do so by showing a "changed circumstance" such as a change in age category (as occurred in Chavez), an increase in the severity of a claimant's impairment(s) not previously considered, or a change in criteria for determining disability.

**C. Analysis**

The ALJ made a finding in this case that "there has not been a showing of . . . changed circumstances material to the determination of disability and the presumption of continuing disability has not been rebutted." (AR 13.) The ALJ adopted the findings of the prior decision. (AR 13.) The ALJ also found that the "objective medical record" does not show any changed circumstances." (AR 17.) The ALJ further found no evidence to support an increase in the severity of Claimant's impairment or the prior residual functional capacity which is adopted in the decision. (AR 19.) The ALJ concluded there are no changed circumstances material to disability to rebut the presumption of continuing nondisability. (AR 19.)

The ALJ's findings are not supported by substantial evidence. The prior decision found that Plaintiff had "mild" degenerative disc disease of the acromioclavicular joint. (AR 125.) In this case, the ALJ made the same finding. (AR 15.) The objective medical evidence, however, is contrary to this finding. A physical examination on August 5, 2015, indicated chronic right arm pain as a result of being stabbed 12 times in 2005 and moderately reduced range of motion. (AR 18, 604, 606, 607.) An August 24, 2015 treatment note recorded sharp pain

aggravated by movement, crepitus, decreased mobility, numbness, weakness, and swelling. (AR 609.) A September 23, 2015 treatment note indicated moderate pain. (AR 616.) Plaintiff underwent an MRI of the right shoulder on January 9, 2016, which documented moderate arthrosis and moderate subacromial/subdeltoid bursa fluid likely due to an adjacent full-thickness rotator cuff tear. (AR 18, 640.) The supraspinal tendon demonstrates a full-thickness full-width tear and retraction by two centimeter tear; the subscapularis tendon with a three centimeter tear. (AR 18, 640.) There was mild to moderate muscle bulk atrophy. (AR 18, 640.) The MRI also revealed moderate acromioclavicular joint arthrosis and moderate glenohumeral joint effusion. (AR 641.) Although the ALJ indicated there was no actual aggressive treatment (AR 18), in fact one month after the ALJ's decision on January 24, 2017, Plaintiff underwent right shoulder rotator cuff surgery on February 28, 2017. (AR 64.)

Even without considering the rotator cuff surgery, Plaintiff's shoulder impairment arguably is no longer mild as of January 9, 2016, the date of the MRI. The ALJ's own findings suggest as much. At the least, the record was ambiguous and the ALJ had a duty to develop the record regarding the increased severity of Plaintiff's right shoulder impairment. The ALJ has a special independent duty to develop the record fully and fairly. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001); Smolen, 80 F.3d at 1288. Ambiguous evidence triggers the ALJ's duty to conduct "an appropriate inquiry." Smolen, 80 F.3d at 1288.

The February 28, 2017 rotator cuff surgery obviously undermines the ALJ's dismissal of Plaintiff's right shoulder impairment based on conservative treatment. The rotator cuff surgery evidence (AR 64-66) was not before the ALJ, but it was before the Appeals Council, which disregarded it as outside the relevant period. (AR 2.)

This Court has no jurisdiction to review the decision of the Appeals Council denying review. Brewes v. Comm'r, 682 F.3d 1157, 1161-62 (9th Cir. 2012). When the Appeals Council denies review, the ALJ's decision becomes the final decision of the Commissioner, and the Court reviews that decision for substantial evidence based on the record as a whole, including any new evidence submitted to and considered by the Appeals Council. Id. at 1161-

63. The Ninth Circuit in <u>Brewes</u> specifically cited and relied on 20 C.F.R. § 404.970(b), which provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only <u>where it relates to the period on or before the date of the administrative law judge hearing decision</u>. The Appeals Council shall evaluate the entire record including the new and material evidence submitted . . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

<u>Id.</u> (emphasis added); <u>see also</u> 42 U.S.C. § 405(g). The new evidence must be treated as part of the administrative record. <u>Id.</u> at 1162. Remand, however, is warranted only if there is new evidence that is material; new evidence is material if it bears directly and substantially on the matter in dispute and if there is a "reasonable possibility" that the new evidence would have changed the outcome of the determination. <u>Bruton v. Massanari</u>, 268 F.3d 824, 827 (9th Cir. 2001) (citing <u>Booz v. Sec'y of Health & Human Services</u>, 734 F.2d 1378, 1380 (9th Cir. 1984)); <u>see also</u> <u>La Cruz v. Colvin</u>, 2016 WL 6562930, at *7 (C.D. Cal. Mar. 7, 2016).

The new rotator cuff surgery evidence is material because there is a "reasonable possibility" that the new evidence would have changed the outcome of the determination here. The rotator cuff surgery appears to the Court to relate back to the January 9, 2016 MRI documenting an increase in the severity of Plaintiff's right shoulder condition, a period exceeding 12 months. At the least, based on the full record before the Court, there was a failure to develop the record fully and fairly to determine whether the rotator cuff surgery on February 28, 2017, related back to the January 9, 2016 MRI.

The Court also finds that the ALJ failed to fully develop the record regarding Plaintiff's degenerative disc disease of the thoracic and lumbar spine. In the prior decision, the ALJ made a finding that December 2012 X-rays showed multilevel severe and moderate degenerative disc disease of the lumbar spine with slight decreased range of motion and minimal impairment in range of motion of the cervical spine. (AR 125.) In this case, a February

18, 2016 MRI of the lumbar spine showed moderate to severe disc dessication at six different locations with 3 to 6 mm central disc protrusion. (AR 18, 642-643.) There was moderate to severe foraminal stenosis bilaterally as well as mild central canal stenosis. (AR 642-643.) The ALJ, without benefit of medical source findings, dismissed the evidence of increasing severity of Plaintiff's lumbar degenerative disc disease on the basis of conservative treatment and non-compliance with treatment. (AR 18.) The ALJ again failed to develop the record fully and fairly by ordering a consulting examination to determine whether the increased severity of his lumbar disc disease resulted in greater functional restrictions than are contained in the RFC.[2]

In sum, the assessed RFC is not supported by substantial evidence because the ALJ did not fully and fairly develop the record on whether the increasing severity of Plaintiff's right shoulder and lumbar spine impairments constitute changed circumstances material to the determination of disability.[3]

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this case for further proceedings in accordance with this Memorandum Opinion and Order and with law.

DATED: May 7, 2019         /s/ John E. McDermott
                           JOHN E. MCDERMOTT
                           UNITED STATES MAGISTRATE JUDGE

---

[2] The Commissioner also argued that the change in age from 49 to 50 years old made no difference and did not represent a changed circumstance material to the determination of disability as it did in Chavez. Plaintiff did not demonstrate how it would be material or respond to the Commissioner's argument.

[3] In view of the Court's reversal on the first two issues raised, the Court sees no need to address the third issue as Plaintiff's RFC may change on remand.